■ EUGENE RAPOSO et al., Appellants, v WAM GREAT NECK ASSOCIATION II, L.P., et al., Respondents. [674 NYS2d 112] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their reply brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered June 16, 1997, as granted those branches of the separate motions of the defendants WAM Great Neck Association II, L.P., WAM Great Neck Corp., and 239 Great Neck Corp., and the defendant Prudential Securities which were for summary judgment dismissing the causes of action based on common-law negligence, and violations of Labor Law §§ 200 and 240 (1).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Because the plaintiffs failed to establish that the defendants exercised supervisory control over the work performed on the premises in question or either created or had actual or constructive notice of a dangerous condition which produced the injury (see, Lombardi v Stout, 80 NY2d 290; Seaman v Chance Co., 197 AD2d 612; Mantovi v Nico Constr. Corp., 217 AD2d 650), the Supreme Court properly dismissed their causes of action premised upon common-law negligence and Labor Law § 200.

Furthermore, in view of the strict liability imposed by Labor

Law § 240 (1), this Court has refused to "strain the language of the statute to encompass the routine activities involved * * * [which are] clearly distinguishable from the risks associated with the construction or demolition of a building" (*Cosentino v Long Is. R. R.*, 201 AD2d 528, 529; *see also, Smith v Shell Oil Co.*, 205 AD2d 681, *affd* 85 NY2d 1000). Based upon the fact that the injury sustained occurred when the plaintiff Eugene Raposo was performing "routine maintenance" on an air conditioning system, the plaintiffs' cause of action under Labor Law § 240 (1) was properly dismissed (*Cosentino v Long Is. R. R., supra*, at 529).

Lastly, as was properly conceded by the plaintiffs, Labor Law § 241 (6) is inapplicable because the plaintiffs failed to plead any sections of the Industrial Code (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.