■ ANTONIO DIAZ, Appellant, v APPLIED DIGITAL DATA SYSTEMS, INC., et al., Respondents. [753 NYS2d 514] —In an ac-

tion to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 27, 2001, which denied his motion for summary judgment on the issue of liability pursuant to Labor Law §§ 200 and 240 (1) and an order of the same court, dated December 13, 2001, which also denied the same relief.

Ordered that the appeal from the order dated September 27, 2001, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 13, 2001; and it is further,

Ordered that the order dated December 13, 2001, is affirmed, without costs or disbursements and, upon searching the record, summary judgment is awarded to the defendants dismissing the cause of action pursuant to Labor Law § 240 (1).

At premises owned by the defendants, the plaintiff, Antonio Diaz, allegedly was injured when the plywood onto which he stepped to clean storage racks gave way. At the time of the incident, the plaintiff was one of a crew of approximately nine employees of American Maintenance engaged in cleaning the defendants' warehouse. The plaintiff was provided with paper towels and a vacuum cleaner and assigned to dust rows of steel racks that were approximately 10 feet high. He cleaned the first five feet of each rack while standing on the ground, and then used a ladder with a handrail and a small platform at its top. From the platform of the ladder, the plaintiff was able to gain access to a piece of plywood, about six feet long, three feet wide, and one inch thick, that was laid across the steel beams. From that plywood he could reach and clean the inside area of the rack. The plaintiff used the same procedure on the day before the incident to clean other racks, but on the occasion of the accident the plywood gave way when he shifted his weight to it from the ladder's platform and he fell approximately 10 feet.

The plaintiff moved for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 200. The Supreme Court denied the former on the ground that Labor Law § 240 (1) does not protect routine maintenance in a nonconstruction, nonrenovation context, and the latter because there was no evidence of supervisory control.

Labor Law § 240 (1) imposes absolute liability on owners or general contractors who fail to provide safety devices necessary for the protection of workers subject to elevation-related risks who sustain injuries proximately caused by that failure (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Rocovich

*v Consolidated Edison Co.,* 78 NY2d 509). The statute has been liberally construed to accomplish the purpose for which it was enacted, which is to provide workers with exceptional protection against the special hazards that arise when a work site is elevated (id.) In line with this, liability has attached to owners notwithstanding that an activity enumerated in the statute was not done in the context of the construction or renovation of a building (*see Rivers v Sauter,* 26 NY2d 260, 263; *Williamson v 16 W. 57th St. Co.,* 256 AD2d 507). One of the activities enumerated in the statute is the cleaning of a building or a structure (*see* Labor Law § 240 [1]). However, this Court has consistently held that the statute does not apply if the activity at issue involves routine maintenance in a nonconstruction, nonrenovation context (*see Jani v City of New York,* 284 AD2d 304; *Raposo v WAM Great Neck Assn.,* 251 AD2d 392; *Koch v E.C.H. Holding Corp.,* 248 AD2d 510; *Edwards v Twenty-Four Twenty-Six Main St. Assoc.,* 195 AD2d 592).

In this case, the plaintiff was cleaning storage racks with paper towels and a vacuum cleaner. This is routine maintenance that Labor Law § 240 (1) was not designed to protect (*see Koch v E.C.H. Holding Corp., supra*).

As to Labor Law § 200, the plaintiff did not establish his entitlement to judgment as a matter of law because he failed to show that the defendants exercised any degree of control or supervision of the work site (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877-878).

This Court is authorized by CPLR 3212 (b) to search the record and grant summary judgment to the defendants with respect to an issue that was the subject of the motion before the Supreme Court. Accordingly, upon searching the record, we find that there are no triable issues of fact with respect to the plaintiff's claims against the defendants under Labor Law § 240 (1), and we grant summary judgment to the defendants dismissing those claims.

All other contentions of the parties either are unpreserved for appellate review or without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.