◼ STANISLAW ANTONCZYK, Respondent, v CONGREGATION MOSDOS D'RABINI OF MONSEY, INC., Defendant and Third-Party Plaintiff. UNITED TALMUDIC ACADEMY, Third-Party Defendant-Appellant. [765 NYS2d 805] —In an action to recover damages for personal injuries, the third-party defendant appeals from a judgment of the Supreme Court, Rockland County (Sherwood,

J.), dated December 21, 2001, which, upon the denial of its motion and the separate motion of the defendant third-party plaintiff, made at the close of the plaintiff's case on liability pursuant to CPLR 4401, to dismiss the complaint for failure to establish a prima facie case, upon a jury verdict in favor of the plaintiff and against the defendant third-party plaintiff on the issue of liability, upon the granting of the defendant third-party plaintiff's motion for common-law and contractual indemnification against it, and upon a separate jury verdict awarding damages in the total sum of $1,994,437 to the plaintiff, is in favor of the plaintiff and against the defendant third-party plaintiff in the principal sum of $1,994,437, and is in favor of the defendant third-party plaintiff and against it on the claim for common-law and contractual indemnification.

Ordered that the judgment is reversed, on the law, with costs, the appellant's motion to dismiss is granted, and the complaint and third-party complaint are dismissed.

At the time of his accident, the plaintiff was engaged in routine maintenance in a nonconstruction, nonrenovation context, which is not an activity protected under Labor Law § 240 (1) (*see Brown v Christopher St. Owners Corp.*, 87 NY2d 938 [1996]; *Diaz v Applied Digital Data Sys.*, 300 AD2d 533 [2002]; *Paciente v MBG Dev.*, 276 AD2d 761 [2000]). Further, the work performed by the plaintiff was not construction work within the meaning of Labor Law § 241 (6) (*see Luthi v Long Is. Resource Corp.*, 251 AD2d 554 [1998]; *Vernieri v Empire Realty Co.*, 219 AD2d 593 [1995]). Accordingly, the appellant's motion pursuant to CPLR 4401 should have been granted.

In light of our determination, we need not reach the appellant's remaining contentions. Florio, J.P., Smith, H. Miller and Rivera, JJ., concur.