Stockton v H&E Biffer Enters. No. 2, LLC (2021 NY Slip Op 04568)





Stockton v H&E Biffer Enters. No. 2, LLC


2021 NY Slip Op 04568


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-11254
 (Index No. 70031/14)

[*1]Gawayne J. Stockton, et al., appellants, 
v
H & E Biffer Enterprises No. 2, LLC, et al., respondents.


McMahon & McCarthy, Bronx, NY (Matthew J. McMahon and Kevin T. McCarthy of counsel), for appellants.
Lewis Johs Avallone & Aviles, LLP, Islandia, NY (Michael T. Colavecchio, Amy E. Bedell, and John B. Saville of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 12, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Gawayne J. Stockton (hereinafter the injured plaintiff), a mechanic employed by a nonparty HVAC company, allegedly sustained injuries after falling off a ladder while performing a non-emergency service call at the defendant Anthony Scicchitano Italian Pork Store of Jefferson Valley, Inc. (hereinafter the Pork Store). The injured plaintiff testified at his deposition that after inspecting a refrigeration unit on the roof of the store, he determined that the "condenser fan motor was vibrating," requiring replacement. At the time of the accident, the injured plaintiff was climbing a ladder in order to return to the roof to complete the replacement of the condenser fan motor. After he fell, the injured plaintiff replaced the ladder, climbed to the roof, and replaced the condenser fan motor, which took approximately 45 minutes. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the Pork Store and the owner of the subject premises, alleging, inter alia, a violation of Labor Law § 240(1). The defendants moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion and cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action and denied the plaintiffs' cross motion. The plaintiffs appeal.
To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (see Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653). "In determining whether a particular activity constitutes 'repairing,' [*2]courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (id. at 653, citing Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528). "Generally, courts have held that work constitutes routine maintenance where the work involves 'replacing components that require replacement in the course of normal wear and tear'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697).
Here, the defendants established, prima facie, that the replacement of the condenser fan motor, which, according to the deposition testimony of the injured plaintiff's employer, weighed approximately 1½ pounds and was the kind of part that required replacement "all the time," constituted routine maintenance and not repairing, or any of the other enumerated activities under Labor Law § 240(1) (see Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; Tserpelis v Tamares Real Estate Holdings, Inc., 147 AD3d 1001, 1002). "The work here involved replacing [a] component[ ] that require[s] replacement in the course of normal wear and tear" (Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action and, for the same reasons, properly denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court