Hamm v Review Assoc., LLC (2022 NY Slip Op 01011)





Hamm v Review Assoc., LLC


2022 NY Slip Op 01011


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-09299
 (Index No. 513791/17)

[*1]Peter Hamm, appellant, 
v
Review Associates, LLC, et al., respondents (and a third-party action).


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Theodore W. Ucinski III of counsel), for respondent Review Associates, LLC.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Stacey Seltzer of counsel), for respondent Fresh Direct, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 11, 2019. The order granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against each of them, and substituting therefor a provision denying those branches of the motions, and (2) by deleting the provision thereof granting those branches of the motion of the defendant Fresh Direct, LLC, which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it, and substituting therefor a provision denying those branches of its motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, an employee of the third-party defendant, allegedly fell from a ladder and sustained injuries while he was working at premises located in Long Island City, which were owned by the defendant Review Associates, LLC (hereinafter Review), and leased by Review to the defendant Fresh Direct, LLC (hereinafter Fresh Direct). At the time of the accident, Fresh Direct had a service contract with the plaintiff's employer to service/maintain the security system it had previously installed on the Fresh Direct premises. The accident occurred when the plaintiff was in the process of placing a security camera back into its plastic protective housing after testing it, and the ladder, which he alleged had been given to him by a Fresh Direct employee just prior to the accident, slipped, and he fell. The camera had not been working for some time prior to the accident and was located approximately 20 feet from the ground and mounted to a concrete cinder block wall. The plaintiff alleged that one of the locks on the side of the ladder had broken off and that the caps that covered the metal feet were missing on one side. After the accident, the plaintiff commenced [*2]the instant action against Review and Fresh Direct to recover damages for personal injuries, alleging common-law negligence, and violations of Labor Law §§ 200, 240(1), and 241(6) against both defendants. He alleged, inter alia, that the accident occurred as a result of a dangerous, hazardous, and/or defective ladder. Review and Fresh Direct separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the defendants' motions. The plaintiff appeals.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809; see Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005).
Both Review and Fresh Direct, established, prima facie, that the plaintiff failed to plead any Industrial Code violations in either the complaint or bill of particulars (see Borland v Sampson Steel Fabricators, 298 AD2d 831, 833; Raposo v WAM Great Neck Assn., 251 AD2d 392, 393; see also Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502). Therefore, the defendants established, prima facie, their respective entitlement to judgment as a matter of law dismissing this cause of action insofar as asserted against each of them by demonstrating that this cause of action was not applicable (see Raposo v WAM Great Neck Assn., 251 AD2d at 393). In opposition, the plaintiff failed to raise a triable issue of fact in this regard as to either defendant (see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1303). Thus, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against each of them.
To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653 [internal quotation marks omitted]; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d 709, 710). "In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, citing Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d at 710). "Generally, courts have held that work constitutes routine maintenance where the work involves 'replacing components that require replacement in the course of normal wear and tear'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d at 710; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697). "Where something has gone awry, however, requiring repair, section 240(1) is applicable" (Parente v 277 Park Ave. LLC, 63 AD3d 613, 614; see e.g. Nowakowski v Douglas Elliman Realty, LLC, 78 AD3d 1033, 1034; Juchniewicz v Merex Food Corp., 46 AD3d 623, 624; Lofaso v J.P. Murphy Assoc., 37 AD3d 769, 771; Sprague v Peckham Materials Corp., 240 AD2d 392, 393).
Contrary to the defendants' assertions, neither defendant established its prima facie entitlement to judgment as a matter of law dismissing this cause of action insofar as asserted against each of them on the ground that the plaintiff, at the time he fell, was merely engaged in routine maintenance. The evidence submitted by the defendants in support of their respective motions, which included a transcript of the plaintiff's deposition testimony, raised triable issues of fact as to whether he was engaged in repairs or routine maintenance at the time the accident occurred (see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 688). Since neither defendant established its prima facie entitlement to judgment as a matter of law dismissing this cause of action insofar as asserted against each of them, it is unnecessary for this Court to address whether the plaintiff's opposition papers raised a triable issue of fact in this regard (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Thus, the Supreme Court should have denied those branches of the defendants' motions which were for summary judgment dismissing the cause of action [*3]alleging violations of Labor Law § 240(1) insofar as asserted against each of them.
Under the common law, a property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241). Indeed, "[a] landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]; see Mowla v Baozhu Wu, 195 AD3d 706, 707). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Steed v MVA Enters., LLC, 136 AD3d 793, 794 [internal quotation marks omitted]; Mowla v Baozhu Wu, 195 AD3d at 707 [internal quotation marks omitted]). In a premises liability case, a defendant landowner, or a party in possession or control of real property, moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Mowla v Baozhu Wu, 195 AD3d at 707; Fields v New York City Hous. Auth., 186 AD3d 1330, 1330-1331; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 938; see also Monastiriotis v Monastiriotis, 141 AD3d 510, 511). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Mowla v Baozhu Wu, 195 AD3d at 706).
Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 352; Mowla v Baozhu Wu, 195 AD3d at 706; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719; Brown v Brause Plaza, LLC, 19 AD3d 626, 628; see also Davies v Simon Prop. Group, Inc., 174 AD3d 850, 854). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have 'authority to exercise supervision and control over the work'" (Rojas v Schwartz, 74 AD3d 1046, 1046, quoting Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735; see DiMaggio v Cataletto, 117 AD3d 984, 986). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it "'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas v Schwartz, 74 AD3d at 1047, quoting Ortega v Puccia, 57 AD3d 54, 61; see Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099). When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards (see DiMaggio v Cataletto, 117 AD3d at 986; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52). A defendant moving for summary judgment in such a case may prevail "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
"Defendants moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 and common-law negligence must examine the plaintiff's complaint and bill of particulars to identify the theory or theories of liability, in order to properly direct proof to premises issues, or means and methods issues, or both, as may be indicated on a case-by-case basis" (id.; see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839; Garcia v Market Assoc., 123 AD3d 661, 664).
Here, as related to Review, to the extent that the plaintiff's claims are based on the manner in which the work was performed, Review established, prima facie, that it did not have authority to supervise or control the means and method of the plaintiff's work on the subject premises (see Derosas v Rosmarins Land Holdings, LLC, 148 AD3d 988, 991; Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1092; Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d 761, 762). Review presented evidence that it had no presence at the property and had no oversight or control over any work contracted by Fresh Direct with the plaintiff's employer at the subject premises.
To the extent the plaintiff's claims were based on a dangerous condition on the premises, Review also established, prima facie, that it did not create the dangerous condition alleged, i.e., a defective ladder. Review demonstrated, prima facie, that it did not provide the ladder to the plaintiff, as the plaintiff testified at his deposition that Fresh Direct provided him with the ladder he was using at the time he was injured. Moreover, Review, through the deposition testimony of one of its members, demonstrated that it did not provide any ladders or building materials to Fresh Direct prior to the date of the accident. As to notice, the evidence submitted in support of Review's motion established, prima facie, that it did not have notice, actual or constructive, of any defective condition with respect to the ladder at issue. In opposition to Review's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Therefore, the Supreme Court properly granted those branches of Review's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it.
As to Fresh Direct, while the plaintiff testified at his deposition that Fresh Direct did not control or direct how he performed his work when he was present at the subject premises, Fresh Direct failed to establish, prima facie, that it did not have actual or constructive notice of the allegedly defective condition of the ladder that, according to the plaintiff, it provided at the time of the accident (see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d at 1302; Navarro v City of New York, 75 AD3d 590, 592). Since Fresh Direct did not meet its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it, we need not determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Accordingly, the Supreme Court should have denied those branches of Fresh Direct's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court