Washington-Tatum v City of New York (2022 NY Slip Op 03274)





Washington-Tatum v City of New York


2022 NY Slip Op 03274


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2020-09378
 (Index No. 705405/18)

[*1]Tonya Washington-Tatum, et al., appellants,
v
City of New York, et al., respondents.


Zaremba Brown, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
Anna J. Ervolina, Brooklyn, NY (Harriet Wong of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated December 11, 2020. The order denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed, with costs.
In August 2017, the plaintiff Tonya Washington-Tatum (hereinafter the injured plaintiff), a New York City Transit Authority employee, allegedly was injured while working at the Number 7 subway station located at the intersection of 111th Street and Roosevelt Avenue in Queens. According to the injured plaintiff, while standing on the sidewalk next to a barricade, she was struck by a metal sling that fell from the elevated subway tracks. In April 2018, the injured plaintiff, and her husband suing derivatively, commenced this action against the City of New York and the Metropolitan Transportation Authority, alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). Issue was joined by a verified answer dated July 31, 2018. After discovery, the plaintiffs moved for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action. In an order dated December 11, 2020, the Supreme Court denied the motion. The plaintiffs appeal.
To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 653 [internal quotation marks omitted]; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d 709). "In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, citing Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d at 709]). "'[A]ltering' within the meaning of Labor Law § 240(1) requires making a significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d 457, 465; see Deangelis v Franklin Plaza Apts., Inc., 189 AD3d 772, 773). "Generally, courts have held that work constitutes routine maintenance where the work [*2]involves 'replacing components that require replacement in the course of normal wear and tear'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d at 709; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697). "Where something has gone awry, however, requiring repair," section 240(1) is applicable (Parente v 277 Park Ave. LLC, 63 AD3d 613, 614; see Hamm v Review Assoc., LLC, 202 AD3d 934, 936).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809; see Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005; Rosado v Briarwoods Farm, Inc., 19 AD3d 396, 399). "[T]he courts have generally held that the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-l.4(b)(13) which defines construction work expansively" (Vernieri v Empire Realty Co., 219 AD2d 593, 595). Under 12 NYCRR 23-1.4(b)(13), "construction" work is defined to include "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures." Although maintenance work performed in connection with construction, demolition, or excavation work is included under Labor Law § 241(6), "[r]outine maintenance is not within the ambit of Labor Law § 241(6)" (Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687, 688; see Byrnes v Nursing Sisters of the Sick Poor, Inc., 170 AD3d 796, 797).
Here, the Supreme Court, in denying the plaintiffs' motion, determined, in effect, that the plaintiffs had met their prima facie burden of demonstrating their entitlement to judgment as a matter of law on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action, and that the defendants raised triable issues of fact sufficient to defeat that showing. We find, however, that the motion should have been denied on the ground that the plaintiffs failed to meet their initial burden as the movants.
The evidence submitted by the plaintiffs in support of their motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action failed to eliminate triable issues of fact as to whether, at the time of the subject accident, the injured plaintiff was engaged in an enumerated activity such as repairing, which is protected under Labor Law § 240(1), or whether she was engaged in routine maintenance, which does not fall within the purview of Labor Law § 240(1) (see Hamm v Review Assoc., LLC, 202 AD3d at 936; Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686). Similarly, the plaintiffs failed to eliminate triable issues of fact as to whether the injured plaintiff was performing work in the context of construction, excavation, or demolition which is protected by Labor Law § 241(6), or whether she was simply engaged in routine maintenance, which is not a protected activity under Labor Law § 241(6) (see Teodoro v C.W. Brown, Inc., 200 AD3d 999; Garcia-Rosales v Bais Rochel Resort, 100 AD3d at 688).
Since the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action, it is unnecessary to consider the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Aponte v Airport Indus. Park, LLC, 202 AD3d 895).
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court