Nooney v Queensborough Pub. Lib. (2023 NY Slip Op 00327)

Nooney v Queensborough Pub. Lib.

2023 NY Slip Op 00327

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06076
 (Index No. 711847/17)

[*1]Michael C. Nooney, et al., appellants,
v
Queensborough Public Library, defendant, City of New York, respondent.

The Edelsteins, Faegenburg & Brown, LLP (Louis A. Badolato, Roslyn Harbor, NY, of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and MacKenzie Fillow of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated July 27, 2020. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant City of New York, and granted that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant City of New York which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
On January 24, 2017, the plaintiff Michael C. Nooney (hereinafter Nooney) was involved in an accident at the defendant Queens Borough Public Library's (hereinafter QPL) branch in South Ozone Park (hereinafter the subject library), a property owned by the defendant City of New York. Nooney was employed by QPL as a library maintainer, a position that required him to perform various types of repair and maintenance tasks at QPL's library branches. On the date of the accident, Nooney was tasked with replacing five or six water-damaged ceiling tiles in the subject library's auditorium with new ones. He used an A-frame ladder to perform this work. Since there was insufficient space in the area under the damaged tiles to open the ladder in a locked position, he leaned it against the top of a nearby door frame in the closed position. After Nooney finished replacing the tiles and began to descend the ladder, it unexpectedly moved, causing him to fall and allegedly sustain personal injuries.
Nooney, and his wife suing derivatively, thereafter commenced this personal injury action against QPL and the City. Following discovery, the plaintiffs moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the City. The City also moved, among other things, for summary [*2]judgment dismissing the complaint insofar as asserted against it. By order dated July 27, 2020, the Supreme Court, inter alia, denied the plaintiffs' motion and granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal.
"To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d 709, 710 [internal quotation marks omitted]). "While the reach of . . . section 240(1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during" one or more of these enumerated activities (Quituizaca v Tucchiarone, 115 AD3d 924, 926). Labor Law § 241(6) similarly only covers certain enumerated activities, "protect[ing] only those workers engaged in duties connected to the inherently hazardous work of construction, excavation, or demolition" (Moreira v Ponzo, 131 AD3d 1025, 1027). "[Alt]hough this language differs significantly from the far more encompassing language of Labor Law § 240(1) . . .[,] the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13) which defines construction work expansively [to include] '[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting[,] or moving of buildings or other structures'" (Vernieri v Empire Realty Co., 219 AD2d 593, 595; see Moreira v Ponzo, 131 AD3d at 1027). "In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance" (Stockton v H & E Biffer Enters. No. 2, LLC, 196 AD3d at 710), since "routine maintenance" work performed "in a nonconstruction, nonrenovation context" is not a covered activity (Antonczyk v Congregation Mosdos D'Rabini of Monsey, 309 AD2d 776, 777; see Konaz v St. John's Preparatory Sch., 105 AD3d 912, 913).
Contrary to the Supreme Court's determination, the City failed to establish, prima facie, that the tasks Nooney was performing at the time of the accident were associated with routine maintenance, which is not a covered activity under the Labor Law, rather than repair work, which may be covered, even if it was not part of a larger renovation project (see Cullen v Uptown Stor. Co., 268 AD2d 327, 327; Turisse v Dominick Milone, Inc., 262 AD2d 305, 306). On this record, it cannot be determined, as a matter of law, whether Nooney was engaged in repair work or routine maintenance when he was injured (see Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478, 479; cf. Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 596-598). The court therefore improperly granted those branches of the City's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. However, the plaintiffs fail to demonstrate on appeal that the court should have granted their motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the City. The plaintiffs' main brief on appeal does not set forth any arguments directly articulating how either of these statutes were violated, or how any statutory violation was a proximate cause of Nooney's injuries, thereby abandoning any arguments they may have had with respect to these issues (see Roizman v Stromer, 185 AD3d 978, 980-981; Lupo v Miranda, 186 AD3d 468, 469).
The plaintiffs contend that the Supreme Court erred in granting those branches of the City's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. However, their contentions regarding those branches of the City's motion are improperly raised for the first time on appeal and have not been considered (see Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294).
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court