Lupo v Caruso (2025 NY Slip Op 02197)

Lupo v Caruso

2025 NY Slip Op 02197

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-00102
 (Index No. 150869/21)

[*1]Michael Lupo, et al., appellants, 
v
Maria Caruso, respondent.

Ameduri Galante & Friscia, Staten Island, NY (Marvin Ben-Aron of counsel), for appellants.
Nicolini, Paradise, Ferretti & Sabella, Mineola, NY (John J. Nicolini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated November 29, 2022. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 23, 2020, the plaintiff Michael Lupo (hereinafter the injured plaintiff) allegedly was injured when, during the course of certain renovation work at the defendant's single-family home, he fell from a ladder that he allegedly borrowed from the defendant. The injured plaintiff, and his wife suing derivatively, commenced this action, alleging, among other things, a violation of Labor Law § 200 and common-law negligence. The defendant moved for summary judgment dismissing the complaint. By order dated November 29, 2022, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The plaintiffs appeal.
Labor Law § 200 codifies the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 598; Uhl v D'Onofrio Gen. Contrs., Corp., 197 AD3d 770, 772). Where, as here, the allegations involve a dangerous or defective condition on the premises where the work was performed, a property owner will be held liable "if it either created a dangerous or defective condition, or had actual or constructive notice of it" (Saitta v Marsah Props., LLC, 211 AD3d 1062, 1063-1064 [internal quotation marks omitted]; see Hamm v Review Assoc., LLC, 202 AD3d 934, 938). "[W]hen a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition" (Chowdhury v Rodriguez, 57 AD3d 121, 131-132; see Patrikis v Arniotis, 129 AD3d 928, 929).
Here, the defendant established, prima facie, that she did not create or have actual or constructive notice of the allegedly dangerous condition of the ladder (see Saitta v Marsah Props., LLC, 211 AD3d at 1064; Hamm v Review Assoc., LLC, 202 AD3d at 939; Azad v 270 5th Realty Corp., 46 AD3d 728, 731). In opposition, the plaintiffs failed to raise a triable issue of fact. To the extent that the plaintiffs contend that they are entitled to a spoliation sanction that would affect the summary judgment determination, based on the defendant's alleged failure to preserve the subject ladder, their contention is without merit. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Schaum v Glass Gardens, Inc., 230 AD3d 711, 712). Here, the plaintiffs failed to show that the defendant failed to preserve the ladder, let alone that it was destroyed with a culpable state of mind (see Aldo v City of New York, 210 AD3d 833, 835; see also McGlynn v Burns & Harris, Esq., 223 AD3d 733, 736).
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
In light of the foregoing, we need not reach the defendant's remaining contention.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court