Viana v All Is. Recycle & Rubbish Removal (2026 NY Slip Op 00811)

Viana v All Is. Recycle & Rubbish Removal

2026 NY Slip Op 00811

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-07009
 (Index No. 612067/18)

[*1]Ruth Viana, etc., appellant, 
vAll Island Recycle and Rubbish Removal, et al., defendants, Bellco Enterprises, Inc., respondent.

Cellino Law, LLP, Melville, NY (Thomas C. Cleere of counsel), for appellant.
Kelly, Rode and Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated March 28, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Bellco Enterprises, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, the plaintiff's decedent was killed in an accident while working on premises owned by the defendant Bellco Enterprises, Inc. (hereinafter Bellco), when he allegedly was struck by a payloader. The plaintiff commenced this action against, among others, Bellco, alleging that Bellco was negligent and seeking, inter alia, to recover damages for wrongful death.
Bellco moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 28, 2024, the Supreme Court, inter alia, granted that branch of Bellco's motion. The plaintiff appeals.
"Liability on common-law negligence . . . causes of action generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site" (Nusio v Legend Autorama, Ltd., 219 AD3d 842, 843 [internal quotation marks omitted]). Where "a claim arises out of the means and methods of the work, a defendant may be held liable for common-law negligence . . . only if he or she had the authority to supervise or control the performance of the work" (Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1448 [internal quotation marks omitted]; see Walsh v Kenny, 219 AD3d 1555, 1557). "A defendant has the authority to supervise or control the work . . . when that defendant bears the responsibility for the manner in which the work is performed" (Abelleira v City of New York, 201 AD3d 679, 680 [internal quotation marks omitted]).
Here, to the extent that the plaintiff's claims are based on the manner in which the work was performed, Bellco established, prima facie, that it did not have the authority to supervise [*2]or control the means and method of that work (see Hamm v Review Assoc., LLC, 202 AD3d 934, 939). Bellco's submissions established that the decedent was an independent contractor who was working with one of Bellco's tenants on Bellco's premises and that Bellco had no oversight or control over the work.
Further, to the extent that the plaintiff's claims are based on an alleged dangerous condition on the premises, Bellco established, prima facie, that there was no dangerous condition on the premises and that, in any event, "it did not create the allegedly dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Verderosa v County of Suffolk, 226 AD3d 845, 847 [internal quotation marks omitted]; see Hamm v Review Assoc., LLC, 202 AD3d at 939). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563; Seizeme v Levy, 208 AD3d 809, 811).
Accordingly, the Supreme Court properly granted that branch of Bellco's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court