In an action to recover damages for personal injuries, the *865 plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated November 29, 2011, as granted the motion of the defendant David J. Argyros for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant David J. Argyros for summary judgment dismissing the complaint insofar as asserted against him is denied.
On the afternoon of August 26, 2007, the plaintiff allegedly was injured when he tripped and fell on a four-inch-by-four-inch piece of wood anchored into the ground with metal caps and located near the intersection of Sheep Pasture Road and Harborview Avenue in the Town of Brookhaven. The defendant David J. Argyros owns the property on which the accident occurred, and the area in which the plaintiff fell is situated within the Town’s municipal right-of-way over Argyros’s property. In August 2008, the plaintiff commenced this action alleging, inter alia, that the County of Suffolk, the Town, and Argyros owned, operated, managed, and maintained the subject area. In the order appealed from, the Supreme Court granted the separate motions of the Town and Argyros for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals from so much of the order as granted Argyros’s motion.
“ ‘The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it’ ” (Rivers v City of New York, 63 AD3d 898, 898 [2009], quoting Guzov v Manor Lodge Holding Corp., 13 AD3d 482, 483 [2004]). Here, while Argyros owned the real property on which the accident occurred and the Town possessed a right of way over the portion of it where the plaintiff fell, title to the land under the right of way is not determinative in assessing the issue of duty, as issues of control and maintenance of the property must also be considered (see Boege v Ulster Light., 241 AD2d 600, 601 [1997]; Farnsworth v Village of Potsdam, 228 AD2d 79, 83 [1997]).
In support of his motion for summary judgment, Argyros submitted, inter alia, his deposition testimony and the deposition testimony of the principal clerk for the Town’s Highway Department. Argyros testified, inter alia, that while there is no ingress or egress between his property and Sheep Pasture Road, he cuts the grass along Sheep Pasture Road once a year to prevent overgrowth, and that in 2003, he installed a 12-foot *866 fence only inches from Sheep Pasture Road. In addition, another fence on his property runs along the east side of Harbor-view Avenue. Susan Mauro, the principal clerk for the Town’s Highway Department, testified, inter alia, that the Town’s right-of-way runs approximately eight feet from the edge of the roadway toward the property line, and that most homeowners mow and maintain the eight-foot area themselves.
The Supreme Court should have denied Argyros’s motion for summary judgment dismissing the complaint insofar as asserted against bim, as the evidence submitted in support of the motion failed to eliminate all triable issues of fact as to whether he controlled or maintained the area of the property where the plaintiff fell (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Since Argyros did not sustain his prima facie burden, we need not review the sufficiency of the plaintiff’s opposition papers (see id.; Sarisohn v 341 Commack Rd., Inc., 89 AD3d 1007, 1008 [2011]). Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur.