Pollard-Leitch v R & D Utica Realty, Inc. (2020 NY Slip Op 04416)





Pollard-Leitch v R & D Utica Realty, Inc.


2020 NY Slip Op 04416


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-10378
 (Index No. 10744/15)

[*1]Lavern L. Pollard-Leitch, respondent, 
v
R & D Utica Realty, Inc., appellant, et al., defendants (and a third-party action).


Galvano & Xanthakis, P.C., Staten Island, NY (Matthew Kelly of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant R & D Utica Realty, Inc., appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated July 17, 2019. The order, insofar as appealed from, denied the motion of the defendant R & D Utica Realty, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant R & D Utica Realty, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly tripped and fell on a public sidewalk abutting a fenced-in parking lot allegedly owned by the defendant R & D Utica Realty, Inc. (hereinafter R & D), and others. She commenced this personal injury action against, among others, R & D. R & D moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that it had no duty to maintain the portion of sidewalk where the plaintiff tripped and fell because it did not own the adjacent property and it did not maintain or repair that portion of the sidewalk. The Supreme Court denied the motion, and R & D appeals. We reverse.
Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property (see Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600). The existence of one or more of these elements is sufficient to give rise to a duty of care (see Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103). Where none of those elements are present, "[generally] a party cannot be held liable for injuries caused by the [dangerous] condition of the property" (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820; see Donatien v Long Is. Coll. Hosp., 153 AD3d at 600). Administrative Code of the City of New York § 7-210 shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner (see Administrative Code § 7-210[b]; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520; Umanskaya v 4050 Nostrand Ave. Condominium, 173 AD3d 812, 813).
Here, R & D established its prima facie entitlement to judgment as a matter of law. R & D established that it was not the owner of the property abutting the portion of the public sidewalk on which the accident occurred, and that it did not negligently construct or repair that portion of the sidewalk or otherwise create the allegedly dangerous condition, or cause that condition to occur by some special use of the sidewalk (see Hines v City of New York, 43 AD3d 869, 870). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
Accordingly, the Supreme Court should have granted R & D's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court