Smith v 4 Empire Mgt. Group, Inc. (2022 NY Slip Op 05050)

Smith v 4 Empire Mgt. Group, Inc.

2022 NY Slip Op 05050

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2020-03639
 (Index No. 612259/16)

[*1]Michael Smith, appellant, 
v
4 Empire Management Group, Inc., defendant third-party plaintiff- respondent; Town of Brookhaven, third-party defendant-respondent.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew Fisher], of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Patrick F. Palladino of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated May 5, 2020. The order granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint and the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint.
ORDERED that the appeal from so much of the order as granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Jeraci v Cooper, 194 AD3d 798; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff.
On August 4, 2015, the plaintiff allegedly sustained personal injuries when he tripped and fell at certain premises located in Suffolk County. The plaintiff commenced the instant action to recover damages for personal injuries against the defendant third-party plaintiff, 4 Empire Management Group, Inc. (hereinafter 4 Empire), alleging that it was negligent in, among other things, causing, permitting, and allowing the area where he fell to be and to remain in a dangerous, hazardous, and defective condition. Subsequently, 4 Empire commenced a third-party action against the third-party defendant, Town of Brookhaven. 4 Empire moved for summary judgment dismissing the complaint. In an order dated May 5, 2020, the Supreme Court, inter alia, granted 4 Empire's motion. The plaintiff appeals.
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601; see Jeffrey v City of New York, 194 AD3d 701, 702). "In the absence of [*2]ownership, occupancy, control, or special use, a party generally 'cannot be held liable for injuries caused by the dangerous or defective condition of the property'" (Bartlett v City of New York, 169 AD3d 629, 630, quoting Ruffino v New York City Tr. Auth., 55 AD3d 819, 820).
Here, 4 Empire established, prima facie, that it did not owe a duty to the plaintiff by demonstrating that it did not own or make special use of the area where the alleged accident occurred (see Jeffrey v City of New York, 194 AD3d at 702-703; Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d 513, 514-515; Dalpiaz v McGuire, 176 AD3d 779, 780). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted 4 Empire's motion for summary judgment dismissing the complaint.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court