Toner v Trader Joe's E., Inc. (2022 NY Slip Op 05555)

Toner v Trader Joe's E., Inc.

2022 NY Slip Op 05555

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2018-00565
 (Index No. 600750/15)

[*1]Thomas Toner, etc., appellant,
v
Trader Joe's East, Inc., et al., respondents.

Ross Legan Rosenberg Zelen & Flaks, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Anne Marie Esposito of counsel), for respondent Trader Joe's East, Inc.
Cariello Law Firm, Uniondale, NY (Amy L. Pludwin of counsel), for respondent Elela Realty Co.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered November 17, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Trader Joe's East, Inc., and Elela Realty Co. which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Trader Joe's East, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Elela Realty Co., and one bill of costs payable by the defendant Trader Joe's East, Inc., to the plaintiff.
On November 3, 2014, Margaret Toner (hereinafter Toner) allegedly was walking in a parking lot when she fell and sustained injuries. The parking lot was owned by the Town of Hempstead and adjoined property owned by the defendant Elela Realty Co. (hereinafter Elela) and leased to the defendant Trader Joe's East, Inc. (hereinafter Trader Joe's).
Toner commenced this personal injury action, alleging that a defective condition in the parking lot caused her to trip and fall. Toner alleged that the parking lot, like the adjoining property, was owned by Elela and leased to and managed by Trader Joe's. The defendants separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them, contending that the parking lot was not owned or leased by them, but rather was owned by the Town. In opposition, Toner argued that the defendants failed to establish that the parking lot was not owned and leased by them, and in any event, that Trader Joe's made a special use of the parking lot that contributed to the defect that caused the accident. In an order entered November 17, 2017, the Supreme Court, inter alia, granted those branches of the defendants' [*2]motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. Toner appeals. During the pendency of the appeal, Toner died, and Thomas Toner, as executor of Toner's estate, was substituted for Toner.
"'Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property'" (Smith v 4 Empire Mgt. Group, Inc., ___ AD3d ___, ___, 2022 NY Slip Op 05050, *2 [2d Dept], quoting Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601; see Jeffrey v City of New York, 194 AD3d 701, 702). "'In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property'" (Dalpiaz v McGuire, 176 AD3d 779, 780, quoting Bartlett v City of New York, 169 AD3d 629, 630 [internal quotation marks omitted]; see Ruffino v New York City Tr. Auth., 55 AD3d 819, 820).
Here, the Supreme Court properly granted that branch of Elela's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Elela established that it did not own, occupy, control, or put to special use the parking lot, which was owned by the Town, by submitting, inter alia, evidence of the signage on the parking lot and a copy of the lease between Elela and Trader Joe's (see Slavin v Village of Sleepy Hollow, 150 AD3d 924). Accordingly, Elela established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it (see Dalpiaz v McGuire, 176 AD3d at 780). In opposition, Toner failed to raise a triable issue of fact.
However, the Supreme Court should have denied that branch of Trader Joe's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Trader Joe's failed to submit evidence sufficient to establish, prima facie, that it did not occupy, control, or make special use of the parking lot where the accident occurred, and that it cannot be held liable for Toner's alleged injuries (see Llanos v Stark, 151 AD3d 836, 838; cf. Dalpiaz v McGuire, 176 AD3d at 780). Since Trader Joe's failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, it is unnecessary to consider the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we modify the order so as to deny that branch of Trader Joe's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court