Birmingham v Linden Plaza Hous. Co. (2022 NY Slip Op 06460)

Birmingham v Linden Plaza Hous. Co.

2022 NY Slip Op 06460

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06095
 (Index No. 7517/14)

[*1]Maiya Birmingham, etc., appellant, 
v
Linden Plaza Housing Co., et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen and Travis Wong of counsel), for appellant.
Quintairos Prieto Wood & Boyer, P.A., New York, NY (Tanya M. Branch and Jyoti M. Halsband of counsel), for respondent Linden Plaza Housing Co.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Eileen Baumgartner of counsel), for respondent Fine Fare Supermarket.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lorna J. McAllister, J.), dated June 18, 2020. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Linden Plaza Housing Co. which was for summary judgment dismissing the amended complaint insofar as asserted against it is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In May 2014, Alethea Rea Haynie (hereinafter the decedent) commenced this action to recover damages for personal injuries, alleging that she was injured by a security gate located on property owned by the defendant Linden Plaza Housing Co. (hereinafter Linden Plaza) and subleased to the defendant Fine Fare Supermarket (hereafter Fine Fare). In April 2016, while this action was pending, the decedent died from causes unrelated to the alleged incident. After the administrator of the decedent's estate was substituted as the plaintiff, Fine Fare and Linden Plaza separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiff opposed Fine Fare's motion, but did not oppose Linden Plaza's motion. In an order dated June 18, 2020, the Supreme Court, among other things, granted those branches of the defendants' separate motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiff appeals.
The appeal from so much of the order as granted that branch of Linden Plaza's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it [*2]must be dismissed. As the plaintiff did not oppose that branch of Linden Plaza's motion, she is not aggrieved by the order to the extent that it granted that branch of the motion (see CPLR 5511; Ponce-Francisco v Plainview-Old Bethpage Cent. School Dist., 83 AD3d 683, 684; Mixon v TBV., Inc., 76 AD3d at 156-157; Giraldo v Morrisey, 63 AD3d 784, 785).
The Supreme Court properly granted that branch of Fine Fare's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Fine Fare met its burden of establishing its prima facie entitlement to judgment as a matter of law by demonstrating, through the affidavits of two employees, that it did not create or have actual or constructive notice of any dangerous condition with respect to the security gate on the property (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Palladino v Monadnock Constr., Inc., 163 AD3d 698, 698). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, the photograph which she submitted in opposition to Fine Fare's motion was unauthenticated and therefore did not constitute evidentiary proof in admissible form (see Morales v City of New York, 278 AD2d 293, 293; see also Rogriguez v Sheridan One Co., LLC, 177 AD3d 801, 802). Furthermore, Fine Fare's motion was not premature (see Suero-Sosa v Cardona, 112 AD3d 706, 708; Cajas-Romero v Ward, 106 AD3d 850, 852).
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court