Aldo v City of New York (2022 NY Slip Op 06454)

Aldo v City of New York

2022 NY Slip Op 06454

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-01859
 (Index No. 31643/10)

[*1]Jorge Aldo, appellant, 
v
City of New York, et al., respondents.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and MacKenzie Fillow of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 13, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to preclude them from testifying or presenting evidence at trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action, inter alia, to recover damages for personal injuries, the plaintiff alleges that on February 21, 2010, while he was an inmate at Rikers Island, a correction officer entered the plaintiff's cell and assaulted him while he was in bed during a lock-in. In July 2019, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, to preclude them from testifying or offering evidence at trial for failure to comply with court-ordered discovery and spoliation of evidence. The Supreme Court denied those branches of the motion, and the plaintiff appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Gelin v New York City Tr. Auth., 189 AD3d 789, 792 [internal quotation marks omitted]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652 [internal quotation marks omitted]). "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Rector v City of New York, 174 AD3d 660, 660-661 [internal quotation marks omitted]). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Sansone v Syracuse Univ., 202 AD3d 851, 852 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in denying those branches [*2]of the plaintiff's motion which were to strike the defendants' answer or, in the alternative, to preclude them from testifying or presenting evidence at trial based on their alleged failure to comply with discovery demands and discovery orders (see Amos v Southampton Hosp., 131 AD3d 906, 908).
Additionally, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to strike the defendants' answer or, in the alternative, to preclude them from testifying or presenting evidence at trial based upon the defendants' alleged spoliation of evidence. "[W]hen a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 672 [internal quotation marks omitted]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]). "[S]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, and, thus, courts must consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness" (25 Bay Terrace Assoc.,L.P. v Public Serv. Mut. Ins. Co., 194 AD3d at 673 [internal quotation marks omitted]; see Iannucci v Rose, 8 AD3d 437, 438). Here, the plaintiff failed to establish that the defendants intentionally or negligently spoliated evidence, or that the evidence that the defendants' failed to preserve was relevant to the plaintiff's causes of action.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court