Wilson v Rye Family Realty, LLC (2023 NY Slip Op 03945)

Wilson v Rye Family Realty, LLC

2023 NY Slip Op 03945

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-09754
 (Index No. 511468/16)

[*1]Darlene Wilson, appellant,
v
Rye Family Realty, LLC, et al., respondents.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Raven & Kolbe, LLP, New York, NY (Danielle M. Rudkin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated November 5, 2020. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint, and denied, as academic, that branch of the plaintiff's cross-motion which was for leave to amend the complaint to add Brooklyn Mitsubishi, also known as Kings Autoshow II, Inc., as a defendant.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Brooklyn Mitsubishi, also known as Kings Autoshow, Inc., and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for leave to amend the complaint to add Brooklyn Mitsubishi, also known as Kings Autoshow II, Inc., as a defendant, and substituting therefore a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Brooklyn Mitsubishi, also known as Kings Autoshow, Inc.
In July 2016, the plaintiff commenced this action against the defendants, Rye Family Realty, LLC (hereinafter Rye Family Realty), and Brooklyn Mitsubishi, also known as Kings Autoshow, Inc. (hereinafter Kings Autoshow I), to recover damages for personal injuries she alleged she sustained in May 2015, when she tripped and fell on premises located at 5815 Church Avenue in Brooklyn, which was known as "Brooklyn Mitsubishi" (hereinafter the premises).
The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, for leave to amend the complaint to add Brooklyn Mitsubishi, also known as Kings Autoshow II, Inc. (hereinafter Kings Autoshow II), as a defendant. In an order dated November 5, 2020, the Supreme Court granted the defendants' motion in its entirety, and denied, as academic, the plaintiff's cross-motion. The plaintiff appeals.
A property owner, or a party in possession or control of real property, has a duty to [*2]maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233). As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Toner v Trader Joe's E., Inc., 209 AD3d 690, 692; Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812).
As an initial matter, Rye Family Realty established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not occupy, control, own, or rent the premises (see Smith v 4 Empire Mgt. Group, Inc., 208 AD3d at 812; Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d 513, 514). In opposition, the plaintiff failed to raise a triable issue of fact (see Smith v 4 Empire Mgt. Group, Inc., 208 AD3d at 812). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Rye Family Realty.
Nonetheless, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Kings Autoshow I. Kings Autoshow I established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not occupy, control, own, or rent the premises (see Mitzmacher v Bay Country Owners, 211 AD3d 1025, 1027; Dalpiaz v McGuire, 176 AD3d 779, 780). However, viewing the evidence in the light most favorable to the plaintiff, and affording her the benefit of every favorable inference (see Ruiz v Griffin, 71 AD3d 1112, 1115), in opposition, the plaintiff raised a triable issue of fact as to whether Kings Autoshow I occupied or controlled the premises on the date at issue (see Mitzmacher v Bay Country Owners, 211 AD3d at 1027; Riccardi v County of Suffolk, 110 AD3d 864, 866).
The plaintiff sought leave to amend the complaint to add Kings Autoshow II as a defendant pursuant to the relation-back doctrine (see Petruzzi v Purow, 180 AD3d 1083, 1084; Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522, 523). The relation-back doctrine allows causes of action asserted against a new defendant in an amended complaint to relate back to causes of action previously asserted against a codefendant in the same action for statute of limitations purposes (see Buran v Coupal, 87 NY2d 173, 177; Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401). A plaintiff may establish the applicability of the relation-back doctrine by demonstrating that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well (see Buran v Coupal, 87 NY2d at 178; Uddin v A.T.A. Constr. Corp., 164 AD3d at 1401). "The 'linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982; see Uddin v A.T.A. Constr. Corp., 164 AD3d at 1401).
Here, there is no dispute among the parties that the first and third prongs of the relation-back doctrine were established, and are not at issue on appeal. The plaintiff also established the second prong of the relation-back doctrine, i.e., that Kings Autoshow I and Kings Autoshow II were "united in interest," by demonstrating that, under the particular circumstances presented, Kings Autoshow I and Kings Autoshow II, "intentionally or not, often blurred the distinction between them" (Uddin v A.T.A. Constr. Corp., 164 AD3d at 1401).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was for leave to amend the complaint to add Kings Autoshow II as a defendant.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court