Moceri v Town of Islip (2024 NY Slip Op 01705)

Moceri v Town of Islip

2024 NY Slip Op 01705

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-07945
 (Index No. 615595/19)

[*1]Giavanna Moceri, appellant, 
v
Town of Islip, respondent.

Gruenberg Kelly Della (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated October 15, 2021. The order denied the plaintiff's motion for leave to amend the complaint to add the County of Suffolk as a defendant, and granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In June 2018, the plaintiff allegedly was injured when she tripped and fell on premises located in Lake Ronkonkoma in Suffolk County (hereinafter the premises). In August 2019, the plaintiff commenced this action against the Town of Islip to recover damages for personal injuries. The plaintiff moved for leave to amend the complaint to add the County of Suffolk as a defendant, and the Town moved for summary judgment dismissing the complaint. In an order dated October 15, 2021, the Supreme Court granted the Town's motion and denied the plaintiff's motion. The plaintiff appeals.
"A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Wilson v Rye Family Realty, LLC, 218 AD3d 836, 837; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872). "As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (Wilson v Rye Family Realty, LLC, 218 AD3d at 837; see Toner v Trader Joe's E., Inc., 209 AD3d 690, 692).
Here, the Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that it did not occupy, control, own, or rent the premises where the plaintiff fell (see Wilson v Rye Family Realty, LLC, 218 AD3d at 837; Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812). In opposition, the plaintiff failed to raise a triable issue of fact (see Wilson v Rye Family Realty, LLC, 218 AD3d at 837; Smith v. 4 Empire Mgt. Group, Inc., 208 AD3d at 812).
On appeal, the plaintiff does not contend that the Town did not establish its prima [*2]facie entitlement to judgment as a matter of law. Rather, relying upon Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668), for the first time on appeal, the plaintiff contends that the Town should be equitably estopped from denying ownership of the premises area based upon the Town's receipt of the plaintiff's notice of claim and the Town's verified answer, interposed September 13, 2019, which fails to deny that the Town owned the premises. In opposition to the Town's motion for summary judgment, the plaintiff asserted that she did not initially name the County as a defendant "[b]ecause of the representations of counsel for the Town of Brookhaven, that the Town of Islip was the owner of the accident site."
"'The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances'" (Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d 703, 703-704, quoting Sanchez v Jericho Sch. Dist., 180 AD3d 828, 830). An estoppel against a municipal entity will lie only when the municipal defendant's conduct was calculated to mislead, or negligently misled, a party from commencing a timely action and that conduct was justifiably relied upon (see Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d at 704; Dorce v United Rentals N. Am., Inc., 78 AD3d 1110). Mere participation in litigation does not constitute action calculated to mislead or discourage a party from filing a notice of claim (see Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d at 704; Hochberg v City of New York, 99 AD2d 1028, 1029). Here, the Town's participation in litigation by accepting a notice of claim does not establish the plaintiff's entitlement to an estoppel. Additionally, the plaintiff could not have relied upon the Town's verified answer to its detriment as the answer was filed after the expiration of the statute of limitations.
The Supreme Court properly denied the plaintiff's motion for leave to amend the complaint to add the County as a defendant pursuant to the relation-back doctrine (see Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800; Chandler v New York City Tr. Auth., 209 AD3d 825, 826). "The relation-back doctrine, as codified in CPLR 203(b), allows a claim asserted against a defendant in an amended complaint to relate back to claims previously asserted against a codefendant for statute of limitations purposes where, inter alia, the two defendants are 'united in interest'" (Chandler v New York City Tr. Auth., 209 AD3d at 826, quoting Buran v Coupal, 87 NY2d 173, 177).
Here, the plaintiff failed to establish that the Town and the County are united in interest. "'Defendants are united in interest only when their interest in the subject-matter [of the action] is such that [the defendants] stand or fall together and that judgment against one will similarly affect the other'" (Chandler v New York City Tr. Auth., 209 AD3d at 826-827, quoting Montalvo v Madjek, Inc., 131 AD3d 678, 679-680). "'In a negligence action, the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other'" (Cedarwood Assoc., LLC v County of Nassau, 211 AD3d at 800, quoting Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679 [internal quotation marks omitted]; see Chandler v New York City Tr. Auth., 209 AD3d at 827).
Here, the Town and the County are separate and distinct entities, and nothing in the record indicates that they were vicariously liable for the acts of the other such that they were united in interest. Therefore, the relation-back doctrine does not apply.
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to amend the complaint to add the County as a defendant in the action and properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court