Acevedo v Hope Gardens I, LLC (2024 NY Slip Op 01901)

Acevedo v Hope Gardens I, LLC

2024 NY Slip Op 01901

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-03701
 (Index No. 502484/21)

[*1]Rafael Acevedo, appellant, 
v
Hope Gardens I, LLC, et al., defendants, City of New York, respondent (and a third-party action).

Ami Morgenstern Attorney-at-Law, PLLC, Long Island City, NY (Marc Andrew Williams of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 22, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On December 31, 2019, the plaintiff allegedly sustained injuries when he fell while descending a staircase at an apartment building located in Brooklyn. At the time of the accident, the building was owned by the defendant New York City Housing Authority, leased to the defendant Hope Gardens I, LLC, and managed by the defendant Pinnacle City Living, LLC. The plaintiff commenced this action against those defendants, in addition to, among others, the defendant City of New York, to recover damages for personal injuries. Thereafter, the City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. By order dated March 22, 2023, the Supreme Court granted that branch of the City's motion. The plaintiff appeals.
"As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (Wilson v Rye Family Realty, LLC, 218 AD3d 836, 837). "Liability may also be imposed upon a party who creates a defective condition" (Engelman v County of Suffolk, 214 AD3d 769, 770).
Here, the City established, prima facie, that it did not owe a duty of care to the plaintiff because it did not own, occupy, control, or make a special use of the staircase where the accident occurred, and that it did not create the alleged dangerous condition (see Wilson v Rye Family Realty, LLC, 218 AD3d at 837; cf. Morejon v New York City Tr. Auth., 216 AD3d 134, 138). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City caused or created a dangerous condition that was a proximate cause of the plaintiff's accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 327).
Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court