Giovanelli v MinRod Realty Corp. (2025 NY Slip Op 02572)

Giovanelli v MinRod Realty Corp.

2025 NY Slip Op 02572

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02858
 (Index No. 608283/20)

[*1]James Giovanelli, appellant, 
v
MinRod Realty Corporation, et al., defendants, Five Corners Car Wash, Inc., respondent.

Vishnick McGovern Milizio LLP, Lake Success, NY (Richard Apat of counsel), for appellant.
Fixler & LaGattuta, LLP, New York, NY (Paul LaGattuta of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), dated January 25, 2023. The judgment, upon an order of the same court dated January 18, 2023, granting the motion of the defendant Five Corners Car Wash, Inc., for summary judgment dismissing the complaint insofar as asserted against it, is in favor of the defendant Five Corners Car Wash, Inc., and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
In November 2019, the plaintiff allegedly sustained injuries when he fell from his bicycle after turning from a road onto a curb cut of the premises of the defendant Five Corners Car Wash, Inc. (hereinafter the defendant). In November 2020, the plaintiff commenced this action against, among others, the defendant. The complaint alleged that the defendant "caused water mixed with soap and other chemicals used in the car wash process to run down the driveway, curb cut, sidewalk and apron so as to the drain in the street below," which "caused the driveway, curb cut, sidewalk and apron to be and remain in a slippery, hazardous and unreasonably dangerous and defective condition for those lawfully traversing the area." The complaint alleged that "[a]s a result of the [defendant's] actions, which caused the slippery condition of the apron," the plaintiff "was caused to be thrown from his bicycle and be violently precipitated to the ground." The complaint also alleged that the defendant "derived a special use from their access to the section of the public curb cut, sidewalk and apron leading to the" adjacent street, which similarly included "allowing water mixed with soap, wax and other chemicals used in the car wash process to run down the driveway, curb cut, sidewalk and apron to the drain in the street below."
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In opposition, the plaintiff argued that the defendant "had notice of the defective condition because [it] created the condition as a result of operating [its] car wash over the sidewalk and apron area seven days a week since at least 2006 whereby they used soap, wax and chemicals which dripped off the vehicles and permanently [*2]embedded the ground with these various substances creating a slick and slippery surface even when dry." In an order dated January 18, 2023, the Supreme Court granted the defendant's motion. On January 25, 2023, a judgment, upon the order, was entered in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
"'Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Toner v Trader Joe's E., Inc., 209 AD3d 690, 692 [internal quotation marks omitted], quoting Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812; see Misa v Town of Brookhaven, 212 AD3d 804, 805-806). "In order to impose liability upon a defendant in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous or defective condition" (San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713, 714). A defendant moving for summary judgment in a slip-and-fall case can demonstrate its entitlement to judgment as a matter of law by establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of it (see Ames v Kimso Apts., Inc., 230 AD3d 543). "[E]xcept where, for policy reasons, the law imposes strict liability, an owner [or occupier] should be held liable for the creation of a dangerous or defective condition on property if a reasonable person in the owner's position would have known, or would have had reason to know, of the danger created, or would have had such knowledge imputed by operation of law" (Walsh v Super Value, Inc., 76 AD3d 371, 376 [citations omitted]).
Here, in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant submitted, inter alia, a transcript of the plaintiff's deposition testimony. At his deposition, the plaintiff testified, among other things, that on the day of the accident, the area of the curb cut on which he slipped and fell "appeared clear and dry," that there "[a]ppeared to be no liquid on the curb cut," and that his "clothes were not wet" after he fell. Through the plaintiff's testimony, the defendant established, prima facie, that the plaintiff's accident was not caused by a slip and fall on water or any other liquid in the area where the plaintiff fell. The defendant further established, prima facie, that it did not create or have actual or constructive notice of an allegedly permanent slippery condition of the curb cut area. The defendant established that the sidewalk, apron, and curb cut were power washed once a week, that the manager of the business walked across those areas daily and never observed that the curb cut area had developed a permanent slippery condition, and that the manager was unaware of any complaints about the area being slippery prior to the plaintiff's accident (see Loper v Stop & Shop Supermarket Co., LLC, 206 AD3d 641; Walsh v Super Value, Inc., 76 AD3d at 376-377). Given these facts, the defendant also established, prima facie, that any special use it may have made of the curb cut did not cause a defective condition which proximately caused the plaintiff's injuries (see Lopez v Central Hudson Gas & Elec. Corp., 230 AD3d 1128, 1128-1129; Blum v City of New York, 267 AD2d 341, 342; see also Walsh v Super Value, Inc., 76 AD3d at 375-376).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the photographs that he submitted in opposition to the defendant's motion were unauthenticated and, therefore, did not constitute proof in admissible form (see Harrington v New York City Tr. Auth., 223 AD3d 789, 790; Rosa v Gordils, 211 AD3d 1060, 1061; Birmingham v Linden Plaza Hous. Co., 210 AD3d 853, 855). Moreover, contrary to the plaintiff's contention, the Supreme Court correctly determined that the plaintiff's expert affidavit was insufficient to raise a triable issue of fact. In addition to relying on the inadmissible photographs, the plaintiff's expert visited the accident location on two occasions, approximately 2 months after the plaintiff's accident and again approximately 2 years and 10 months after the accident. However, it is unclear whether the conditions that the expert observed were similar to those that existed at the time of the accident. Therefore, the court correctly determined that the plaintiff's expert's opinion was speculative and conclusory (see Groniger v Village of Mamaroneck, 17 NY3d 125, 130; Mammina v State of New York, 230 AD3d 478, 480; Wass v County of Nassau, 166 AD3d 1052, 1053).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court