Octobre v Soiefer (2025 NY Slip Op 04013)

Octobre v Soiefer

2025 NY Slip Op 04013

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-08831
 (Index No. 32735/18)

[*1]Edwen Octobre, appellant, 
v
Sholom Dov-Ber Soiefer, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Denis Farrell and Jeffrey George of counsel), for respondents Sholom Dov-Ber Soiefer, Sholom Potash, and 56 Main Street Condominium.
Schwab & Gasparini, PLLC, White Plains, NY (Louis Gasparini and Jay S. Campbell of counsel), for respondent Congregation Karlin Stolin.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated October 29, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Congregation Karlin Stolin and the defendants Sholom Dov-Ber Soiefer, Sholom Potash, and 56 Main Street Condominium which were for summary judgment dismissing the complaint insofar as asserted against each of them and denied that branch of the plaintiff's cross-motion which was, in effect, pursuant to CPLR 3126 to strike the answer of the defendant Congregation Karlin Stolin or to preclude that defendant from moving for summary judgment for spoliation of evidence.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On October 22, 2017, the plaintiff allegedly was injured when he fell from an A-frame ladder on premises (hereinafter the subject premises) managed by the defendant 56 Main Street Condominium and owned by the defendants Sholom Dov-Ber Soiefer and Sholom Potash (hereinafter collectively with 56 Main Street Condominium, the Condo defendants). At his deposition, the plaintiff testified that he was working at a neighboring premises when an unidentified man called him over to the subject premises and asked him to ascend an A-frame ladder to remove a bird that was stuck in a vent. The ladder was set up below the vent when the plaintiff arrived on the subject premises. The plaintiff went seven steps up the ladder and retrieved the bird. As the plaintiff descended the ladder, the right leg of the ladder began shaking and then broke, causing the plaintiff to fall. The ladder was owned by the defendant Congregation Karlin Stolin (hereinafter the Congregation), which was a tenant of the neighboring premises.
The plaintiff commenced this action to recover damages for personal injuries, asserting a single cause of action, alleging common-law negligence. Thereafter, the Congregation [*2]moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it did not owe the plaintiff a duty of care and that it did not create and did not have actual or constructive notice of any allegedly defective condition. The Condo defendants separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them on the same grounds relied upon by the Congregation and on the ground that they did not own the subject ladder and had not provided it to the plaintiff on the day of the accident. The plaintiff opposed the motions and cross-moved, inter alia, in effect, pursuant to CPLR 3126 to strike the Congregation's answer or to preclude the Congregation from moving for summary judgment for spoliation of evidence. In an order dated October 29, 2020, the Supreme Court, among other things, granted those branches of the defendants' separate motions and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
"Under the common law, a property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition" (Hamm v Review Assoc., LLC, 202 AD3d 934, 937; see Wilson v Rye Family Realty, LLC, 218 AD3d 836, 837). "In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812 [internal quotation marks omitted]; see Wilson v Rye Family Realty, LLC, 218 AD3d at 837). Where, as here, the allegations involve a dangerous or defective condition on the premises where the work was performed, a property owner will be held liable "if it either created a dangerous or defective condition, or had actual or constructive notice of it" (Saitta v Marsah Props., LLC, 211 AD3d 1062, 1063-1064 [internal quotation marks omitted]; see Hamm v Review Assoc., LLC, 202 AD3d at 937). "[W]hen a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition" (Chowdhury v Rodriguez, 57 AD3d 121, 131-132; see Patrikis v Arniotis, 129 AD3d 928, 929).
Here, in support of their motion, the Condo defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the sole cause of action, alleging common-law negligence, insofar as asserted against them by submitting evidence that they did not supply the plaintiff with, or request that the plaintiff use, the subject ladder (see Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 555; Artoglou v Gene Scappy Realty Corp., 57 AD3d 460, 462; Chowdhury v Rodriguez, 57 AD3d at 132). Moreover, in support of its separate motion, the Congregation established, prima facie, that it did not owe a duty to the plaintiff by demonstrating that it did not own or make special use of the subject premises (see Wilson v Rye Family Realty, LLC, 218 AD3d at 837; Smith v 4 Empire Mgt. Group, Inc., 208 AD3d at 812). The Congregation further demonstrated, prima facie, that it did not create or have actual or constructive notice of the allegedly dangerous condition of the ladder (see Saitta v Marsah Props., LLC, 211 AD3d at 1064; Hamm v Review Assoc., LLC, 202 AD3d at 939). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
Additionally, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3126 to strike the Congregation's answer or to preclude the Congregation from moving for summary judgment for spoliation of evidence. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Schaum v Glass Gardens, Inc., 230 AD3d 711, 712). Here, the plaintiff failed to establish that the Congregation intentionally or negligently spoliated evidence or that the evidence that the Congregation failed to preserve deprived him of his [*3]ability to prove his claim (see Schaum v Glass Gardens, Inc., 230 AD3d at 712; Aldo v City of New York, 210 AD3d 833, 835).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court