Fisher v City of New York (2026 NY Slip Op 00347)

Fisher v City of New York

2026 NY Slip Op 00347

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-06092
 (Index No. 516686/21)

[*1]Rivkie Fisher, appellant, 
vCity of New York, et al., defendants, Lawrence Pinner, respondent.

Bruce S. Reznick, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Lori E. Parkman], of counsel), for appellant.
Chesney, Nicholas & Brower, LLP, Syosset, NY (William J. Crowe and Lindsie Alterman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated February 28, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Lawrence Pinner which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 9, 2020, the plaintiff allegedly was injured when she tripped and fell on a raised object on a sidewalk abutting certain premises located in Brooklyn where construction was taking place. In June 2021, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Lawrence Pinner (hereinafter the defendant), the managing member of nonparty Pinner Architecture, PLLC, which had contracted to provide architectural services for the construction of a building on the premises adjacent to the sidewalk where the accident occurred. Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order dated February 28, 2024, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
"'As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Acevedo v Hope Gardens I, LLC, 226 AD3d 732, 733, quoting Wilson v Rye Family Realty, LLC, 218 AD3d 836, 837). "'Liability may also be imposed upon a party who creates a defective condition'" (id., quoting Engelman v County of Suffolk, 214 AD3d 769, 770).
Here, the defendant established, prima facie, that he did not own, occupy, control, or put to a special use the sidewalk where the accident occurred, that he had no duty to maintain that sidewalk, and that he did not create the alleged dangerous condition (see Engelman v County of Suffolk, 214 AD3d at 770; Hanus v Long Is. Rail Rd., 186 AD3d 679, 681). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff's contention, the defendant's motion was not premature. "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Carmona v Preston, 231 AD3d 703, 704 [internal quotation marks omitted], quoting Branach v Belvedere VIII, LLC, 189 AD3d 1532, 1533). Here, the plaintiff failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the defendant's knowledge or control (see Walker v City of Newburgh, 222 AD3d 809, 810; McCalla v Piris-Fraser, 221 AD3d 800, 802).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court